UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Blackbird Tech LLC d/b/a
Blackbird Technologies,

           *Plaintiff*,

   -vs-

Welch Allyn, Inc.,

           *Defendant*.

Civil Action No. 5:19-cv-00806-GLS-TWD

# **STIPULATED PROTECTIVE ORDER**

The Court enters the following Protective Order Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure.

1. <u>Findings</u>: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. <u>Definitions</u>:

   a. "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a Person who produces information via the discovery process in this case. "Recipient" means a Person who receives information via the discovery process in this case.

   b. "Confidential" information is information concerning a Person's business operations, processes, and technical and development information within the scope of Rule

1

26(c)(1)(G), the disclosure of which is likely to harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court.

      c. "Highly Confidential – Attorneys' Eyes Only" information is information within the scope of Rule 26(c)(1)(G) that represents business or technical trade secrets and plans, or sensitive financial or sales information, that are more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third Person or to a Court.

      d. Information is not Confidential or Highly Confidential – Attorneys' Eyes Only if it is disclosed in a printed publication, is known to the public, was known to the Recipient without obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential – Attorneys' Eyes Only if a Person lawfully obtained it independently of this litigation.

      e. "Protected Material" means any discovery material or information that has been designated Confidential or Highly Confidential – Attorneys' Eyes Only as provided for in this Order.

      3.    <u>Designation of Information as Confidential or Highly Confidential – Attorneys' Eyes Only:</u>

      a. A Person's designation of information as Confidential or Highly Confidential – Attorneys' Eyes Only means that the Person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

      b.  A Person designates information in a document or thing (which includes "electronically stored information" as that phrase is used in Federal Rule of Civil Procedure 34) as Confidential or Highly Confidential – Attorneys' Eyes Only by placing the appropriate designation on every page of the written material or filename prior to production. For digital files being produced as an imaged TIFF or JPEG copy, the Producer may mark each viewable page or image with the appropriate designation, and mark the medium, container and/or communication in which the digital files were contained. For native files being produced electronically, the filename must include the appropriate designation. By making documents or things containing Confidential or Highly Confidential – Attorneys' Eyes Only information available for inspection and copying without marking them as confidential, a Producer does not forfeit a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked as Confidential or Highly Confidential – Attorneys' Eyes Only before providing them to the Recipient.

      c.  Parties or testifying persons or entities may designate depositions with the appropriate designation by indicating on the record at the time the testimony is given or by advising the Recipient, within fifteen (15) business days after receipt of the final deposition transcript, that the information is Confidential or Highly Confidential – Attorneys' Eyes Only. If no indication on the record is made, all information disclosed during a deposition shall be deemed "Highly Confidential – Attorneys' Eyes Only" until the time within which it may be appropriately designated as provided here has passed. Any Party that wishes to disclose the transcript, or information contained therein prior to the designation of portions of the transcript or the expiration of the period provided herein for designating portions of the transcript, may provide written notice of its intent to treat the transcript as non-confidential, after which time,

any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within five (5) business days or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event that the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order and shall not be displayed or revealed except pursuant to the terms of the Protective Order or the written stipulation of the Parties. Counsel for any Producer shall have the right to exclude from oral depositions any person (other than the deponent, deponent's counsel, the reporter and videographer (if any)) who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall only apply to periods of examination or testimony regarding such Protected Material.

      d.  A Person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential – Attorneys' Eyes Only does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

      e.  A Person who has designated information as Confidential or Highly Confidential – Attorneys' Eyes Only may withdraw the designation by written notification to all Parties in the case.

      f.  If a Party disputes a Producer's designation of information as Confidential or Highly Confidential – Attorneys' Eyes Only, the Party shall notify the Producer in writing of the

basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The Party and the Producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied on the fifteenth (15th) business day after notice of the dispute unless within the prior fourteen (14) business day period the Producer files a motion with the Court to maintain the Producer's designation. The Producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential – Attorneys' Eyes Only. In the event such an application is made, the information shall remain subject to the Producer's Confidential or Highly Confidential – Attorneys' Eyes Only designation until the Court rules on the dispute. A Party's failure to contest a designation of information as Confidential or Highly Confidential – Attorneys' Eyes Only is not an admission that the information was properly designated as such.

4. <u>Use and disclosure of Confidential and Highly Confidential – Attorneys' Eyes Only Information:</u>

a. All Protected Material shall be used exclusively for purposes of this litigation, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

b. Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Confidential information to any Person other than the following: (i) a Party's attorney(s) of record in this case, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a Party's attorney(s) not of record in this case, including paralegal, secretarial and clerical personnel assisting such counsel; (iii) subject to the provisions

of paragraph 4(d) of this Order, up to three of a Party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(e) of this Order, experts and consultants and their staff whom a Party retains for purposes of this litigation only; (vi) the Court and personnel assisting the Court, including court-appointed mediators and their staffs; and (vii) e-Discovery vendors, duplicating, photocopying and document coding/scanning vendors, graphics consultants, jury consultants, and mock jurors.

      c.    Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Highly Confidential – Attorneys' Eyes Only information to any Person other than those identified in paragraph 4(b)(i), (iv), (v), (vi), and (vii).

      d.    A Party may not disclose information designated as Confidential information to a Party's officers or employees pursuant to paragraph 4(b) of this Order until after the officer or employee has signed an undertaking in the form of Appendix I to this Order. The Party obtaining the undertaking must serve it on all other Parties within three (3) days after its execution.

      e.    A Party may not disclose Protected Material to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this Order until after the expert or consultant has signed an undertaking in the form of Appendix I to this Order. At least eight (8) business days before the first disclosure of Confidential or Highly Confidential – Attorneys' Eyes Only information to an expert or consultant (or member of their staff), the Party proposing to make the disclosure must serve the Producer with a written identification of the expert or consultant, a signed copy of the undertaking, and a copy of his or her up-to-date curriculum vitae. If the Producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or

consultant), it must serve the Party proposing to make the disclosure with a written objection within seven (7) business days after service of the identification. Failure to object within seven (7) business days after service of the identification shall constitute a waiver of the right to subsequently object. Unless the Parties resolve the dispute, the Producer must move the Court promptly for a ruling within seven (7) business days after service of the objection, and the Confidential or Highly Confidential – Attorneys' Eyes Only information may not be disclosed to the expert or consultant without the Court's approval.

      f.    Notwithstanding paragraph 4(b) and (c), a Party may disclose Confidential or Highly Confidential – Attorney's Eyes Only information to: (i) any current employee of the Producer; (ii) any Person, no longer affiliated with the Producer, shown on the face of the designated document to have authored the information; and (iii) any Person shown on the face of the designated document to have received the information before this case was filed.

      g.    A Party who wishes to disclose Confidential or Highly Confidential – Attorneys' Eyes Only information to a Person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the Producer's permission. If the Party is unable to obtain permission, it may move the Court to obtain leave to make the requested disclosure.

      5.    <u>Inadvertent Disclosure:</u> Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502. In the event that the requesting party discovers that it has received or in the event that the producing party discovers it has produced either attorney-client privilege or work-product protected documents, things or information, it will bring that fact to the attention of the opposing party immediately upon discovery. Upon the request of the producing party, the requesting party will return within three (3) business days to the producing party any

attorney-client privilege or work-product-protected document or thing and any copies that the requesting party may have made. Upon the request of the producing party, the requesting party will, within three (3) business days disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product-protected document, thing or information. No such inadvertently produced attorney-client privilege or work-product-protected document, thing or information may be used in evidence or for any other purpose against the producing party in the pending case or any other federal or state proceeding.

6. <u>Inadvertent Failure to Designate Properly</u>: The inadvertent failure by a Producer to designate discovery material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producer notifies the Receiver that such discovery material should be designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" within fourteen (14) business days of the Producer learning of the inadvertent failure to designate. The Producer shall reproduce the Protected Material with the appropriate confidentiality designation with seven (7) business days following its notification to the Receiver. Upon receiving the Protected Material with the correct confidentiality designation, the Receiver shall destroy all discovery material that was not designated properly. A Receiver shall not be in breach of this Protective Order for any use of such discovery material before the Receiver receives notice of the Producer's inadvertent failure to designate the discovery material properly.

7. <u>Inadvertent Disclosure not Authorized by Order</u>: In the event of a disclosure of any Protected Material pursuant to this Protective Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure shall immediately notify counsel for the Producer whose Protected Material has

been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure does not change the status of the Protected Material or waive any protection granted by this Protective Order.

8. Filing with the Court:

a. This Protective Order does not, by itself, authorize the filing of any document under seal. Notwithstanding any other provision of this Order, documents and things may not be filed under seal with the Clerk of this Court unless such sealing is authorized by a separate order upon an express finding that the documents or things, or portions thereof to be sealed, satisfy the requirements for sealing under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

b. A Party who wishes to file in the public record a document that another Producer has designated as Confidential or Highly Confidential – Attorneys' Eyes Only must move the Court for permission to file the document under seal.  Without a Court Order secured after appropriate notice of all interested parties, a Party may not file in the public record any document another Producer has designated as Confidential or Highly Confidential – Attorneys' Eyes Only information.  The Parties will follow and abide by the applicable law and local rules with respect to filing documents under seal in this Court.

9. Post-filing Privilege Log: No party shall be required to identify on its privilege log any document or communication related to these litigations dated on or after the filing of the first above-captioned case that, absent this provision, the party would have been obligated to so

identify on its privilege log.  The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents.

       10.      <u>Non-party Use</u>: A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as is Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to the terms of this Protective Order.

       11.      <u>Document Disposal</u>: No later than ninety (90) days after the Final Disposition of this case, each Party must undertake reasonable efforts to destroy and/or delete all documents and copies of documents or other information containing the Producer's Confidential or Highly Confidential – Attorneys' Eyes Only information. The Party destroying and/or deleting the Confidential or Highly Confidential – Attorneys' Eyes Only information must certify in writing its compliance with the requirements of this paragraph within ninety (90) days. For purposes of this Order, "Final Disposition" occurs after an order, mandate or dismissal finally terminating the above captioned action with prejudice, including all appeals. Notwithstanding the requirements of this paragraph, a Party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

       12.      <u>Originals:</u> A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing Party has it, must be made available to any other Party within fourteen days after a written request.

       13.      <u>Survival of Obligations</u>: This Order's obligations regarding Confidential or Highly Confidential – Attorneys' Eyes Only information survive the conclusion of this case.

       14.      <u>Modification:</u> The Parties reserve the right to seek a modification of this Order from the Court at any time for good cause.

15. <u>Court's Retention of Jurisdiction:</u> The Parties, all Persons subject to discovery in these proceedings, and all Persons who receive Confidential and/or Highly Confidential – Attorneys' Eyes Only information pursuant to this Protective Order, consent to and shall be subject to the jurisdiction of this Court in any proceeding relating to performance under, compliance with, or violation of this Protective Order. The Court hereby retains jurisdiction to interpret and enforce this Protective Order during the pendency of this case and following dismissal, if any.

Respectfully submitted,

| **STAMOULIS & WEINBLATT LLC** | **BARCLAY DAMON LLP** |
|---|---|
| By: /s/ Stamatios Stamoulis<br>Stamatios Stamoulis | By: /s/ Douglas J. Nash<br>Douglas J. Nash |
| 800 N. West Street, Third Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 999-1540 | Office and Post Office Address<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, New York 13202<br>Telephone: (315) 425-2828<br>Facsimile: (315) 425-2701 |
| *Attorneys for Plaintiff*<br>Blackbird Tech LLC<br>d/b/a Blackbird Technologies | *Attorneys for Defendant*<br>Welch Allyn, Inc. |

**IT IS SO ORDERED:**

Date: December 2, 2019

_____
Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Blackbird Tech LLC d/b/a Blackbird Technologies,<br><br>*Plaintiff*,<br><br>-vs-<br><br>Welch Allyn, Inc.,<br><br>*Defendant*. | Civil Action No. 5:19-cv-00806-GLS-TWD |

**PROTECTIVE ORDER SUBSCRIPTION**

  I, _____, state the following under penalties of perjury as provided by law:

  I will be receiving Confidential and/or Highly Confidential – Attorneys' Eyes Only information that is covered by the Protective Order entered by the Court in this case. I have read the Court's Protective Order and understand that the Confidential and/or Highly Confidential – Attorneys' Eyes Only information is provided pursuant to the terms and conditions in that Order.

  I agree to be bound by the Court's Protective Order. I agree to use the Confidential, and/or Highly Confidential – Attorneys' Eyes Only information solely for purposes of this case. I understand that neither the Confidential and/or Highly Confidential – Attorneys' Eyes Only information, nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's Protective Order. I agree to return the Confidential and/or Highly Confidential – Attorneys' Eyes Only information and any notes concerning that information to the attorney for _____, or to delete or destroy the information and any notes upon written request.

I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court in connection with any issues arising under this Protective Order or my receipt of information thereunder.

_____